UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Anthony Whittle, et. al., | No. 1:21-cv-01741-NODJ-SKO |
| Plaintiffs, | ORDER |
| v. | |
| JSP Logistics Inc., et. al., | |
| Defendants. | |

Plaintiff Anthony Whittle moves to remand this case to the Superior Court of California, County of Madera. Defendant, JSP Logistics Inc., removed the case based on this court's federal question jurisdiction. JSP asserts Mr. Whittle's claims are preempted based on the Federal Motor Carrier Safety Act of 1984 (FMCSA). The FMCSA does not preempt Mr. Whittle's claims, so the court **grants** the motion to remand. **The court declines to award Mr. Whittle's attorneys' fees.**[1]

/////

/////

---

[1] In the interests of justice and efficiency, and addressing the heavy civil caseloads in the Fresno courthouse, the undersigned resolves the pending motion to remand, ECF No. 6.

1

## I. BACKGROUND

Mr. Whittle asserts several claims under the California Labor Code's Private Attorneys General Act (PAGA) related to wages, hours, and working conditions. *See generally Compl.* JSP Logistics Inc., a trucking company, is his former employer. Not. Removal, ECF No. 1. He and other similarly situation employees drove long-haul trucks throughout California. *Id.*

Mr. Whittle originally filed this action in state court. *Id.* JSP removed the action to this court based on its argument that the case presents a federal question. *Id.* JSP argues the FMCSA preempts Whittle's California law claims. *Id.* Mr. Whittle moves to remand, contending there is no federal question. Mot. Remand, ECF No. 6. JSP opposes this motion, *see generally* Opp'n, ECF No. 12, and Mr. Whittle has replied, *see generally* Reply, ECF No. 13.

## II. LEGAL STANDARD

When a federal district court would have original jurisdiction over an action originally filed in state court, the action may be removed to federal court. 28 U.S.C. § 1441(a). "On a plaintiff's motion to remand, it is a defendant's burden to establish jurisdiction by a preponderance of the evidence." *Taylor v. United Road Servs.*, 313 F. Supp. 3d 1161, 1168 (E.D. Cal. 2018) (citing *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 88-89 (2014); *Rodriguez v. AT&T Mobility Servs., LLC*, 728 F. 3d 975, 978 (9th Cir. 2013)). Removal under § 1331 is governed by the "well-pleaded complaint rule," which provides that federal question jurisdiction exists only when "a federal question is presented on the face of plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

Ordinary preemption defenses do not on their own support removal jurisdiction if a plaintiff pleads solely state law claims. *Metro Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987). An exception to this rule, known as the complete preemption doctrine, permits removal when "the preemptive force of a statute is so 'extraordinary' that it 'converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'" *Caterpillar*, 482 U.S. at 393 (citing *Metro Life*, 481 U.S. at 65); *see also Beneficial Nat'l Bank v. Anderson,* 539 U.S. 1, 8 (2003)). "[A] state claim may be removed to federal court in only two circumstances—when Congress expressly so provides . . . or when a federal statute wholly

2

displaces the state-law cause of action through complete pre-emption." *Beneficial Nat. Bank*, 539 U.S. at 8.

### III.  ANALYSIS

JSP has not demonstrated that the FMCSA completely preempts state laws and regulations—that is, it has not shown the FMCSA displaces state law to such an "extraordinary" extent that it converts an "ordinary state common law complaint into one stating a federal claim." *Caterpillar*, 482 U.S. at 393.  To the contrary, as another California federal district court has persuasively explained, a case cannot be removed to federal court based on a defendant's intention to assert a preemption defense under the FMCSA.  *See Lindsey v. WC Logistics, Inc.*, 586 F. Supp. 3d 983, 989–91 (N.D. Cal. 2022); *see also Harris v. Venture Transp., LLC*, No. 22-3809, 2022 WL 2464860, at *1–2 (C.D. Cal. July 6, 2022) (reasoning similarly).  A defendant may assert that defense in state court, and the state court may decide whether it is viable.

Mr. Whittle asks for costs and attorneys' fees incurred as a result of JSP's removal.  Mot. Remand, ECF No. 6 at 6.  "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  28 U.S.C. § 1447(c).  Absent unusual circumstances, attorney's fees should not be awarded under § 1447(c) when the removing party has an objectively reasonable basis for removal.  *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 132 (2005).  "[T]he degree of clarity in the relevant law at the time of removal is a relevant factor in determining whether a defendant's decision to remove was reasonable."  *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 552 (9th Cir. 2018).  The court declines to award fees and costs, as federal district courts have reached contrary conclusions about the FMCSA's preemptive force, making JSP's position in removing the case not unreasonable.  *See Lindsey*, 586 F. Supp. 3d at 991 (citing and disagreeing with *Razo v. CEMEX Construction Materials Pacific, LLC*, No. 20-11175, 2021 WL 325638 (C.D. Cal. Feb. 1, 2021)).

/////

1  **IV.   CONCLUSION**

2  This case is **remanded** to the Superior Court of California, County of Madera. This order
3  resolves ECF No. 6 and closes this case.

4  IT IS SO ORDERED.

5  DATED: December 4, 2023.

_____
CHIEF UNITED STATES DISTRICT JUDGE